**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID MARSHALL CAMPBELL,

        Plaintiff,                       Case Number: 20-12612
                                                         Honorable Paul D. Borman

v.

CORIZON HEALTH, INC., ET AL.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

Michigan state prisoner David Marshall Campbell ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He claims Defendants violated his rights under the Eighth Amendment by failing to diagnose and treat an injury to his foot. He names Corizon Health, Inc., four medical providers, and John Doe as defendants and seeks monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). For the reasons that follow, this case is dismissed.

**I. Background**

Plaintiff's claims arise from the medical care he received following an injury to his foot while working on the yard crew at the Macomb Correctional Facility. (Compl. at 4, ECF No. 1, PageID.10.) The injury occurred sometime between 2010 and 2013.[1]

---

[1] It is unclear from the face of the complaint and attachments when Plaintiff suffered this injury. The Complaint states that Plaintiff has been suffering from the effects of the injury for seven years, which would place the injury date in 2013. (Compl. at 3,

Initially, Plaintiff believed that his injury was not severe, but, when the pain persisted, he submitted a health care request. (*Id.*) Plaintiff was seen by a John Doe defendant, but provides no further information regarding this visit. (*Id.*)

In 2018, Plaintiff filed a grievance requesting to be seen by a podiatrist and to have an MRI. (*Id.*) On September 7, 2018, Plaintiff was seen by a podiatrist, Matthew Page, who noted that Plaintiff's x-rays did not show evidence of fractures. (*See* 9/7/18 Podiatry Consultation Note at 2, PageID.29.) Dr. Page ordered an MRI for further evaluation. (*Id.*) Plaintiff does not attach the results of the MRI but states that he discovered that the cause of his pain was "a broken bone and severed tendon." (Compl. at 4, PageID.10.)

After learning the cause of his pain, Plaintiff filed a civil complaint in the 30th Circuit Court of Michigan asserting claims of deliberate indifference and negligence against Corizon.[2] (*Id.*) Corizon's attorney "sought summary disposition, changing

---

PageID.9.) A 2018 medical report indicates that Plaintiff injured his foot in 2010, while a 2013 medical report dates the injury in 2012. (*Id.* at 28, 32, PageID.28, 32.) The Court need not determine the precise year the injury occurred. Instead, it is sufficient to say that the injury occurred at least seven years before Plaintiff filed this complaint.

[2] Plaintiff's state-court case raises the question whether the doctrine of res judicata bars any or all of the claims raised in the pending Complaint. Res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and "'[c]ourts generally lack the ability to raise an affirmative defense *sua sponte*." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cty.*, 326 F.3d 747, 757 (6th Cir. 2003)). But the Court "may take the initiative to assert the res judicata defense *sua sponte* in 'special circumstances.'" *Id.* (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). The Court has not had the benefit of reviewing the state court decision or the parties' pleadings and, therefore, cannot independently determine whether Plaintiff raised, and the state court decided, the same claims raised in the pending Complaint. The Court declines to address this issue sua sponte.

2

Plaintiff's pleading and [that] Plaintiff had charged malpractice, and used that change to argue the Complaint was time barred." (*Id.*) The circuit court granted summary disposition and Plaintiff's appeals were unsuccessful. (*Id.*)

**II. Standard of Review**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual

3

allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

**II. Discussion**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals and is

violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).

An Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the context of a medical-care claim, the objective component requires a showing "that the medical need at issue is 'sufficiently serious.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004) (internal quotation marks omitted).

The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer,* 511 U.S. at 834. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835.

### A. Individual Defendants

Plaintiff names five health care professionals as Defendants: Physician's Assistants Patrick J. Geml and Raul Tumada, Doctors Bawadi Abdellatif and Sharon A. Oliver, and a John Doe medical professional. He claims that each defendant was deliberately indifferent to his medical needs because each was personally involved in delaying treatment of his broken bone and ruptured tendon. (Compl. at 14, PageID.20.) Plaintiff maintains that each defendant could see the bump behind his left ankle but "each of them consciously disregarded the risk of that injury, and disregarded the pain the injury was causing Plaintiff." (*Id.*)

"When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delays creates [a] constitutional infirmity." *Blackmore*, 390 F.3d at 899. The Sixth Circuit distinguishes between cases where a prisoner alleges the complete denial of medical care and cases where a prisoner received treatment which he alleges was inadequate. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001). Where medical treatment has been provided, a prisoner must show that his treatment was "so woefully inadequate as to amount to no treatment at all." *Id.*

To be sure, Plaintiff shows that he has experienced chronic pain in his foot since the accidental injury, but he has not shown that these Defendants were deliberately indifferent to his medical needs by failing to diagnose his condition or delaying treatment. Plaintiff details thirteen medical appointments with these five defendants from 2012 through 2018. Plaintiff's chronic foot pain was discussed during each appointment

6

and Plaintiff reported some pain relief at times.  Defendant Geml examined Plaintiff once in 2012, and three times in 2013.  (Compl. at 14, PageID.20.)  Geml reviewed Plaintiff's prior x-rays, which he noted were normal, prescribed tennis shoes, and, ordered additional x-rays following two separate appointments.  (4/26/13 Report at 1, 7/25/13 Report at 1-2, PageID.34-36.)  Geml noted that Plaintiff's foot pain was relieved by over-the-counter medications and rest.  (*Id.*)  Geml diagnosed Plaintiff with plantar fasciitis and Achilles tendonitis and advised continuing conservative treatment.  (*Id.*)

Plaintiff was seen by Dr. Badawi Abdellatif twice in October 2013.  On October 8, 2013, Plaintiff rated the severity level of his foot pain as moderate and, on October 29, 2013, reported that his chronic pain had improved significantly.  (10/8/13 Report at 1-2, 10/29/13 Report at 1-2, PageID.38-39.)  Plaintiff visited physician's assistant Raul Tumada for a chronic care visit on April 28, 2014.  Tumada noted Plaintiff's continued left foot pain and that Plaintiff was "stable with prescription shoes."  (4/28/14 at 2, PageID.44.)

Finally, Plaintiff was seen by Dr. Sharon A. Oliver five times.  In 2016, Dr. Oliver noted that Plaintiff's foot pain showed "marked improvement" with over-the-counter pain relievers.  (3/10/16 Report at 1, PageID.46.)  From July 27, 2018 through September 14, 2018, Dr. Oliver examined Plaintiff four times.  On August 9, 2018, she resubmitted a request for Plaintiff to be seen by a podiatrist.[3]  (8/9/19 Report at 1, PageID.50.)  After a

---

[3]  It is unclear when the first request was submitted.

podiatrist recommended an MRI, Dr. Oliver promptly submitted a request for an MRI. (9/14/18 Report at 1, PageID.54.)

Plaintiff's claim that his medical needs were neglected by Defendants is inconsistent with the documents Plaintiff attaches to his complaint.  As detailed above, Plaintiff had numerous interactions with medical personnel, multiple x-rays, and reported some relief from pain on several occasions.  It is clear that Plaintiff disagrees with Defendants' treatment, but this is insufficient to show that the treatment he received was so "woefully inadequate as to amount to no treatment at all." *Alspaugh*, 643 F.3d at 169. Even if the treatment Plaintiff did receive was negligent, this does not give rise to an Eighth Amendment claim.  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("When a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.")  Plaintiff fails to state a claim against Defendants Geml, Tumada, Abdellatif, Oliver and John Doe.

### B.  Defendant Corizon Health, Inc.

Plaintiff's complaint also fails to state a claim against Defendant Corizon Health, Inc. (Corizon). A private entity, like Corizon, that contracts with the state to perform a traditional state function may be sued under § 1983.  *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).  Plaintiff alleges that Corizon violated his Eighth Amendment rights by maintaining a policy of failing to provide adequate medical treatment to prisoners and failing to properly train its medical providers.  Before the Court assesses Corizon's

policies, Plaintiff "must demonstrate a constitutional violation at the hands of a[ ] [Corizon] agent or employee." *Fox v. DeSoto*, 489 F.3d 227, 238 (6th Cir. 2007). Plaintiff has failed to establish an Eighth Amendment violation on the part of any individual Corizon medical provider, so no constitutional injury exists to support a claim against Corizon. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, [ ] municipal defendants cannot be held liable under § 1983."). Plaintiff's claims against Corizon will be dismissed.

### III.  Conclusion

For the reasons stated, the Court concludes that the Complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the Complaint (ECF No. 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2020