UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARSHALL CAMPBELL,

        Plaintiff,                    Case Number: 20-12612
                                            Honorable Paul D. Borman

v.

CORIZON HEALTH, INC., ET AL.,

        Defendants.
_____/

**<u>OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION (ECF NO. 8), AND (2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 9)</u>**

Plaintiff David Marshall Campbell brought a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the Eighth Amendment by failing to diagnose and treat an injury to his foot. The Court dismissed the Complaint for failing to state a claim upon which relief could be granted. (ECF No. 6.)

Now before the Court are Plaintiff's motion for enlargement of time to file a motion for reconsideration and Plaintiff's motion for reconsideration. (ECF Nos. 8, 9) The Court will grant Plaintiff additional time to file his motion for reconsideration and the motion is accepted as timely filed. Because Plaintiff

1

identifies no palpable defect by which the Court was misled, Plaintiff's motion for reconsideration is denied.

## I. BACKGROUND

In his Complaint, Plaintiff challenged the care he received following an injury to his foot during his incarceration at the Macomb Correctional Facility. Plaintiff named five medical providers and Corizon Health, Inc. (Corizon) as Defendants. He argued that the individual defendants were deliberately indifferent to his medical needs, and that Corizon maintained a policy of failing to provide adequate medical treatment to prisoners and failing to properly train its medical providers. The Court held that Plaintiff's claims against any individual Corizon medical provider did not give rise to an Eighth Amendment allegation because, while Plaintiff disagreed with the course of treatment, his allegations were insufficient to show that the treatment received was "so woefully inadequate as to amount to no treatment at all." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001). Because Plaintiff failed to state an Eighth Amendment claim against any individual Corizon medical provider, the Court held that Plaintiff could not demonstrate that Corizon maintained a policy of failing to provide adequate medical treatment to prisoners and failing to properly train its medical providers.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 7.1 of the Eastern District of Michigan. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 775 (E.D. Mich. 2004); E.D. Mich. LR 7.1(h). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 775.

## III. DISCUSSION

Plaintiff seeks reconsideration on several grounds. First, he argues that the Court may have been "time-barred from dismissing this case" because he served Defendant Corizon before the case was dismissed. (ECF No. 9, PageID.101.) Title 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case *at any time*" if the court determines that it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2) (emphasis supplied). Service of the Complaint on Corizon did not preclude dismissal of this action.

Second, Plaintiff states that he mistakenly did not include with his Complaint copies of pleadings filed in his state-court case concerning the same medical care claims at issue in this case. (*See* ECF No. 9, PageID.101-102.) He

3

attaches copies of his state court pleadings and argues that a different decision would have been reached if the Court had the benefit of these pleadings. These additional papers do not persuade the Court that it committed a palpable error or that the correction of such error would lead to a different disposition of the case.

Next, Plaintiff argues that there is some evidence that Defendant Corizon attempted to cover up "the inappropriate acts committed by the Other Defendants regarding Plaintiff's foot injury." (*Id.* at PageID.102.) Plaintiff states that the Department of Veterans Affairs (DVA) obtained his medical records from Defendant Corizon related to a disability claim "not related to Plaintiff's foot injury." (*Id.*) When Plaintiff obtained the records produced to the DVA, he discovered that they were incomplete, omitting "complete years" of treatment. (*Id.*) This, Plaintiff argues, is evidence that Corizon was attempting to cover up wrongdoing. Because Plaintiff admits that the DVA's inquiry was unrelated to the foot injury, the omission of foot-related medical records is unsurprising and not indicative of wrongdoing.

Plaintiff asserts a conclusory allegation that Defendants falsified medical records. He maintains that he reported to Defendants that his foot pain continued and that it was, in fact, worsening, but that certain medical reports authored by Defendants incorrectly stated that his injury was "improved" or "stable" or that there was "no injury." (ECF No. 9, PageID.103-04.) Plaintiff's speculative

4

assertions present the same issues already ruled upon by the Court. Plaintiff's claims allege a disagreement with care or, at most, negligence and do not alter the Court's conclusion that he failed to state an Eighth Amendment claim.

Finally, Plaintiff asks the Court to rule "without any favoritism toward the Corizon Defendants." (*Id.* at PageID.105.) To the extent that Plaintiff is asking the Court to recuse itself, this request is denied. Disagreement with a judge's decision or ruling is not a basis for disqualification. *Liteky v. United* States, 510 U.S. 540, 555-56 (1994). Plaintiff's assertions that the Court favors these Defendants stems from disagreement with the Court's prior rulings. As such, they are insufficient to state a valid claim of bias.

### III. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion for enlargement of time to file a motion for reconsideration. (ECF No. 8.)

The Court DENIES Plaintiff's motion for reconsideration. (ECF No. 9.)

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2021

5